IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
Montgomery Division

REBECCA SADLER,

Plaintiff,

Civil Action No. 2:12-cv-1005-MEF

v.

MAIN STREET ACQUISITION
CORPORATION,

Defendant.

JURY TRIAL
DEMANDED

## COMPLAINT

This action arises out of the efforts of the defendant, Main Street Acquisitions Corporation, to collect a debt which was claimed to be owed by the plaintiff, Rebecca Sadler. Main Street Acquisition is a company which buys and collects delinquent debts. They filed a lawsuit against Ms. Sadler in the Montgomery County (Alabama) District Court seeking to collect the debt claimed to be owed by Ms. Sadler. They did this without having evidence to back up their claims and without even having evidence to show that they had standing to assert these claims. In fact, Ms. Sadler did not owe the amounts claimed. On the date of trial Ms. Sadler was represented by counsel. Main Street Acquisition did not offer any evidence in support of their claim, and judgment was entered in favor of Ms. Sadler. Main Street Acquisition then appealed this decision to the Montgomery County Circuit Court. This lawsuit was later voluntarily dismissed at Main Street Acquisition's request without a hearing.

This pattern -- filing suit without evidence to support a claim and with no intention to go

to trial -- is common with debt buyers such as Main Street Acquisition. They filed the lawsuit against Ms. Sadler knowing that they did not have the evidence to prove their claims in court in the hope that they could use the lawsuit to get money from her without going to trial, either by getting a default judgment or by getting her to agree to make payments. It didn't work in this case only because Ms. Sadler retained counsel and contested their claims.

These actions violated Ms. Sadler's rights under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq., and in this action she is asserting claims against the defendant under that Act. She also seeks damages under Alabama law for malicious prosecution and for wanton or willful misconduct. She seeks actual, statutory and punitive damages and her costs and attorney's fees in this action.

### Jurisdiction and Venue

1. This Court has jurisdiction to hear the plaintiff's claims under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692k(d), and under 28 U.S.C. §1331.

2. This Court has supplemental jurisdiction to hear the plaintiff's claims for malicious prosecution and for wanton or willful misconduct under 28 U.S.C. §1367(a).

3. Venue is proper in the Middle District of Alabama because "a substantial part of the events or omissions giving rise to the claim occurred" in this district. 28 U.S.C. §1391(b)(2).

### Parties

4. The plaintiff, Rebecca Sadler, is an adult resident of Montgomery, Alabama, which is located in Montgomery County.

5. Defendant Main Street Acquisition Corporation is a Nevada corporation with its

principal offices located in Las Vegas, Nevada. Among other things, Main Street Acquisition is engaged in the business of buying and collecting delinquent debts.

**Statement of Facts**

6. On February 19, 2012, defendant Main Street Acquisition Corporation filed a lawsuit against plaintiff Rebecca Sadler in the Montgomery County District Court. The case was styled *Main Street Acquisition Corp. v. Rebecca Sadler*, Case No. DV-2012-900444 (hereafter referred to as "the Montgomery County lawsuit").

7. In the Montgomery County lawsuit, Main Street Acquisition sought a judgment against Ms. Sadler in the amount of $3,364.35 plus interest of $422.47

8. According to documents submitted with its Statement of Claim, Main Street Acquisition's lawsuit was an attempt to collect a debt claimed to be due on a credit card account issued by HSBC.

9. Ms. Sadler never had a credit card account which was issued by HSBC. She did, however, have an account which originated with Direct Merchants Bank. At some point that bank and the account were taken over by HSBC.

10. Ms. Sadler does not believe that she owed any money on this credit card account, but admits that it is possible that she did. She denies in any case that the amounts claimed by Main Street Acquisition are correct.

11. The complaint and summons in the Montgomery County lawsuit were served on Ms. Sadler on February 29, 2012.

12. On March 13, 2012, Ms. Sadler, acting pro se, filed an Answer in the Montgomery County lawsuit denying that she owed the money claimed by Main Street Acquisition.

13. On April 19, 2012, the Montgomery County lawsuit was heard in the Montgomery County District Court. Ms. Sadler was represented by attorney William D. Azar.

14. At the hearing on April 19, 2012, Main Street Acquisition did not offer any evidence in support of its claims.

15. On April 19, 2012, the Montgomery County District Court entered judgment in favor of Ms. Sadler.

16. At no time up to and including the date of the hearing in the Montgomery County District Court on April 19, 2012 did Main Street Acquisition have evidence sufficient to establish that Ms. Sadler owed them the amounts they claimed.

17. At no time up to and including the date of the trial in the Montgomery County District Court on April 29, 2012, did Main Street Acquisition have evidence sufficient to establish that Main Street Acquisition was the rightful owner of the credit card account at issue and that they were entitled to collect any sums which might be due under that account.

18. On May 2, 2012, Main Street Acquisition filed a notice of appeal of the Montgomery County lawsuit to the Montgomery County Circuit Court.

19. The Circuit Court scheduled the Montgomery County lawsuit for a hearing on the merits on October 2, 2012.

20. On October 1, 2012, Main Street Acquisition filed a motion asking that the Montgomery County lawsuit be dismissed.

21. On October 2, 2012, the Circuit Court entered an order dismissing the Montgomery County lawsuit with prejudice.

22. At no time up to and including the date scheduled for the hearing in the Montgomery County Circuit Court on October 2, 2012 did Main Street Acquisition have evidence sufficient to

establish that Ms. Sadler owed them the amounts they claimed.

23. At no time up to and including the date set for the trial in the Montgomery County Circuit Court on October 2, 2012, did Main Street Acquisition have evidence sufficient to establish that Main Street Acquisition was the rightful owner of the credit card account at issue and that they were entitled to collect any sums which might be due under that account.

24. When Main Street Acquisition filed the Montgomery County lawsuit, they had no intention of obtaining the evidence which might be needed to establish their claims in court, and they had no intention of taking that suit to trial and putting on evidence to establish Main Street Acquisition's claims. Instead, their goal was to obtain either a default judgment or an agreement from Ms. Sadler to pay the sum claimed or some lesser sum. That is why, when they concluded that they were not going to get a default judgment or a voluntary settlement from Ms. Sadler, they asked the court to dismiss their claims rather than go to trial.

25. The strategy described in Paragraph 24 above is one which is commonly followed by debt buyers and their counsel when they file lawsuits to collect debts without having the evidence to establish their claims.

26. On information and belief, the strategy described in Paragraph 24 above is one which is commonly followed by Main Street Acquisition in the lawsuits they file to collect debts.

27. As a result of Main Street Acquisition having filed the Montgomery County lawsuit, Ms. Sadler was forced to spend a great deal of time working on this case to defend her interests.

28. Ms. Sadler incurred expenses in defending the Montgomery County lawsuit for attorney's fees in the amount of $1,500.

29. As a result of the actions of Main Street Acquisitions, as described in this Complaint, Ms. Sadler suffered the stress of having to defend herself in a lawsuit seeking money she did not

owe and of having to incur a fee to her attorney at a time when her funds were very limited. Because of this, the actions of the defendants caused Ms. Sadler emotional distress, anger, shame, frustration, fear and humiliation for a period of many months.

### First Cause of Action:
### Violations of the FDCPA

All of the allegations of fact set forth above are incorporated into this First Cause of Action as if fully set forth herein.

30. With regard to the collection of the amounts claimed to be owed to Main Street Acquisition by Ms. Sadler, as described in this Complaint, plaintiff Rebecca Sadler was a "consumer" within the meaning of the Fair Debt Collection Practices Act (FDCPA). 15 U.S.C. §1692a(3).

31. In its actions to collect this debt from Ms. Sadler, as described above, defendant Main Street Acquisition Corporation was a "debt collector" within the meaning of the FDCPA. 15 U.S.C. §1692a(6).

32. In its efforts to collect money claimed to be due from Ms. Sadler, as described in this Complaint, defendant Main Street Acquisition violated the provisions of the Fair Debt Collection Practices Act in numerous ways, including the following:

(a) making false, deceptive or misleading representations in connection with the collection of a debt, in violation of §1692e;

(b) using an unfair or unconscionable means to attempt to collect a debt, in violation of §1692f;

(c) misrepresenting the amount owed, in violation of §§1692e(2)(A), 1692e(10) and 1692f; and

6

(d) threatening to collect and attempting to collect any amount which is not expressly authorized by an agreement creating the debt or permitted by law, in violation of §1692f(1).

It is possible that the defendants committed other acts in violation of the FDCPA, and the plaintiff reserves the right to add other violations to this list as additional information becomes available during the course of discovery in this action.

33. The actions of Main Street Acquisition, as described in this Complaint, forced Ms. Sadler to spend time working on and worrying about how to deal with their lawsuit, caused her to incur attorney's fees in the amount of $1,500, and caused her stress which resulted in emotional distress, anger, shame, frustration, fear and humiliation.

WHEREFORE, the plaintiff, Rebecca Sadler, by counsel, hereby asks this Court to grant her the following relief under her First Cause of Action:

Corporation for her actual damages suffered as a result of the defendant's actions, as provided by 15 U.S.C. §1692k(a)(1);

(b) judgment in favor of Ms. Sadler and against defendant Main Street Acquisition Corporation in the amount of $1,000 in statutory damages, as provided by 15 U.S.C. §1692k(a)(2)(A);

(c) an award to Ms. Sadler of her costs and attorney's fees in this action, as provided by 15 U.S.C. §1692k(a)(3); and

(e) such other and further relief as to this Court shall seem just and proper.

## Second Cause of Action:
## Malicious Prosecution

All of the allegations of fact set forth above are incorporated into this Second Cause of Action as if fully set forth herein.

34. As described above, defendant Main Street Acquisition initiated a civil lawsuit against Ms. Sadler in the Montgomery County District Court. This action is referred to above as the Montgomery County lawsuit.

35. After the entry of a judgment against it and in favor of Ms. Sadler, Main Street Acquisition then appealed that decision to the Montgomery County Circuit Court.

36. At the time defendant Main Street Acquisition initiated the Montgomery County lawsuit, they did not have probable cause to believe that they could produce evidence to substantiate their claims against Ms. Sadler. They did not have evidence to show that she owed the sums claimed, and they did not have evidence to show that Main Street Acquisition was the party to whom those sums were owed.

37. At the time defendant Main Street Acquisition initiated the Montgomery County lawsuit, they did not intend to obtain and present evidence to prove that the sums they claimed were in fact owed, and they did not intend to obtain and present evidence to prove that those sums were owed to Main Street Acquisition.

38. At no time during the litigation of the Montgomery County lawsuit, up to and including the date on which judgment was entered in favor of Ms. Sadler in the Montgomery County Circuit Court, did the defendants possess evidence to prove that the sums they claimed were owed by Ms. Sadler were in fact owed by her or that Main Street Acquisition was the party to whom those sums were owed.

39. In filing the Montgomery County lawsuit, defendant Main Street Acquisition acted

with malice, in that they knew

(a) that they did not have probable cause to make their claims against Ms. Sadler;

(b) that their actions were not lawful; and

(c) that their actions would cause Ms. Sadler injury.

40. As described above, on October 2, 2012, a final order of dismissal with prejudice was entered in the Montgomery County lawsuit, which was a ruling in favor of Ms. Sadler.

41. The actions taken by defendant Main Street Acquisition, as described above, were actions which they knew or should have known would cause Ms. Sadler financial loss and other harm.

42. The actions of defendant Main Street Acquisition, as described above, did in fact cause Ms. Sadler to suffer financial loss and emotional distress.

WHEREFORE, the premises considered, the plaintiff, Rebecca Sadler, by counsel, asks this Court for the entry of judgment against defendant Main Street Acquisition for malicious prosecution, in an amount sufficient to compensate her for her damages suffered as a result of the defendant's actions. In addition, the plaintiff asks this Court for the entry of a judgment against defendant Main Street Acquisition for such additional punitive damages as may be determined to be just, proper and appropriate by this Court.

### Third Cause of Action:
### Wanton or Willful Misconduct

All of the allegations of fact set forth above are incorporated into this Third Cause of Action as if fully set forth herein.

43. The actions taken by defendant Main Street Acquisitions in attempting to collect the credit card debt from Ms. Sadler, as described above, were actions taken in knowing or reckless

violation of Ms. Sadler's legal rights.

44. The actions taken by defendant Main Street Acquisition, as described above, were actions which they knew or should have known would cause Ms. Sadler financial loss and other harm.

45. The actions of defendant Main Street Acquisition, as described above, did in fact cause Ms. Sadler to suffer financial loss and emotional distress.

WHEREFORE, the premises considered, the plaintiff, Rebecca Sadler, by counsel, asks this Court for the entry of judgment against defendant Main Street Acquisition for wanton or willful misconduct in an amount sufficient to compensate her for her damages suffered as a result of their actions. In addition, the plaintiff asks this Court for the entry of a judgment against defendant Main Street Acquisition for such additional punitive damages as may be determined to be just, proper and appropriate by this Court.

## Jury Trial Demanded

In accordance with Rule 38 of the Federal Rules of Civil Procedure, the plaintiff hereby demands a jury trial of the issues in this action.

Respectfully submitted,

REBECCA SADLER
Plaintiff
By Counsel

/s/ Edward M. Wayland
Edward M. Wayland, Esq
ASB-5319-A56W
2800 Zelda Road
Suite 100-5
Montgomery, AL  36106
(334) 409-9688
(334) 460-8670 (fax)
e-mail: edwayland@yahoo.com

Counsel for Plaintiff
Rebecca Sadler